In the Matter of the Application of ANGELO LOPILATO for the Appointment of a Guardian ad Litem for RICHARD LOPILATO, an Infant.

GLORIA LOPILATO, Moving Party.

Supreme Court, Special Term, Queens County, May 21, 1943.

*Jacob Leiman* for moving party.

*Harry Leff* for applicant.

COLDEN, J.  On or about the 25th day of March, 1943, Richard Lopilato, an infant, born July 11, 1935, sustained injuries as a result of an automobile accident.  By a petition, dated April 1, 1943, his mother, Gloria Lopilato, residing in Maspeth, borough of Queens, and represented by a firm of attorneys in that locality, made an *ex parte* application in this court to have herself appointed as the guardian *ad litem* of said infant, for the purpose of bringing suit.  The Justice sitting at Special Term of this court signed an order on the 5th of April, 1943, duly appointing her such guardian *ad litem* and said petition and order were filed with the clerk of this court on April 6, 1943.

Thereafter, by a petition dated April 6, 1943, the infant's father, Angelo Lopilato, who stated that he was a resident of South Ozone Park " in the Borough of Brooklyn ", made an *ex parte* application in Special Term, Part II, Supreme Court, Kings County, to have himself appointed the guardian *ad litem*

of the said infant for the purpose of bringing suit. In this application he was represented by an attorney with offices in the borough of Manhattan. The Justice presiding in Special Term, Part II, Kings County, signed an order on the 7th of April, 1943, and the petition and order were duly filed with the County Clerk of Kings County on April 7, 1943. The venue of this application and order was laid in Kings County whereas that of the application of the mother was in Queens County.

The mother, by her attorneys, then commenced an action in Queens County as guardian *ad litem* for the infant and in her own behalf for loss of services, and a summons was served upon the defendant, owner of the truck which was involved in the accident. The attorneys representing the defendant informed her attorneys that theretofore the father, as guardian *ad litem* and individually and represented by his attorney, had commenced an action in Kings County by the service of a summons and complaint, seeking damages for the infant's injuries and the father's loss of services. A motion has now been made by the mother for an order vacating and setting aside the *ex parte* order of April 7, 1943, filed in Kings County, wherein the father was appointed the guardian *ad litem* of the infant.

It will serve no useful purpose to repeat here the various assertions and contentions made by the parties in the several affidavits which have been submitted by them. The undisputed facts are that the infant's parents are living apart and that the infant and his sister were at the time of the accident and still are in the custody of their mother, and that for their support the Domestic Relations Court of the City of New York, Queens County, had ordered the father to pay the sum of fifteen dollars per week. Section 204 of the Civil Practice Act provides, in part, that, if the application for the appointment of a guardian *ad litem* for an infant plaintiff is made by a relative or friend, " notice thereof must be given to his general or testamentary guardian if he has one, or if he has none to the person with whom the infant *resides*." (Italics supplied.) Aside from the fact that the order appointing the mother guardian *ad litem* was made in Queens County prior to the order obtained by the father in Kings County, no *notice* of the application to obtain the last-mentioned order was given to the mother " with whom the infant resides ", as required by section 204 of the Civil Practice Act. Instead, the father's petition states that the infant resides with him at an address in Ozone Park, which is designated to be in the borough of Brooklyn whereas in fact it is in the borough of Queens.

This court is of the opinion that for the foregoing reasons the said Kings County order is improper and should be vacated. There can only be one guardiȧn *ad litem* and since the infant is in the custody of the mother she was entitled to the appointment in any event. In reaching this conclusion, this court does not in any way pass upon the right to compensation of the attorney who was retained by the father.

Settle order on notice.